IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL CASTELLANOS,

    Petitioner,                        No. CIV S-06-2255 GEB DAD P

    vs.

JOHN MARSHALL, et al.,          ORDER AND

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The petition was filed in the Fresno Division of this court on September 13, 2006, and was transferred to the Sacramento Division on October 12, 2006.

        Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of this suit. Accordingly, petitioner's application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Upon the filing of a federal habeas petition, the district court must examine the pleading to determine whether the respondents should be ordered to file an answer, a motion, or some other response. See Rule 4, Fed. R. Governing § 2254 Cases. The undersigned has examined petitioner's habeas petition and finds that respondents should not be ordered to

1

respond because it does not appear that petitioner is in custody pursuant to the judgment of conviction under attack and, even if petitioner is in custody pursuant to the judgment under attack, the petition is barred by the statute of limitations.

The judgment of conviction under attack was entered in the San Joaquin County Superior Court on June 29, 1989. Petitioner entered a plea of nolo contendere to two firearm charges. He was sentenced to three years in state prison on each charge, with the sentences to be served concurrently. Petitioner did not take an appeal and did not seek collateral review in any state court until March 27, 2006, when he filed his first state habeas petition in the San Joaquin County Superior Court. The petition was denied in an order dated May 1, 2006, and petitioner's application for reconsideration was denied on July 6, 2006. The California Court of Appeal denied petitioner's second habeas petition on May 18, 2006, and the California Supreme Court denied review on July 12, 2006. (Pet. at 1-3 & Ex. A.)

The federal statute of limitations provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, petitioner's June 29, 1989 judgment became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on August 28, 1989, when petitioner's time for filing an appeal expired. See Rule 31, Cal. Rules of Court (providing that a notice of appeal must be filed within sixty days of judgment). The statute of limitations began to run on August 29, 1989, and ran without interruption until it expired on August 28, 1990. The state petitions filed by petitioner in 2006 had no tolling effect because habeas petitions filed in state courts after the federal statute of limitations has expired do not revive the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's federal habeas petition is barred by the statute of limitations because it was filed more than fifteen years after the one-year period of limitation ended.[1]

Petitioner's habeas petition should be summarily dismissed as time barred. See Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may enter an order for the summary dismissal of a habeas petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . .'").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's September 13, 2006 request to proceed in forma pauperis is granted;

2. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed September 13, 2006, upon the Attorney General of the State of California; and

---

[1] Petitioner has alleged no facts demonstrating that any provision other than § 2244(d)(1)(A) applies to the claims presented in his federal habeas petition.

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed with prejudice on the ground that it is barred by the statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 22, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cast2255.156

4